704 A.2d 1043

MARK MICHELL, PLAINTIFF–APPELLANT, v. DAVID M. GRAM-
BINE, CHARLES E. BURROUGHS JR., JOHN W. ASH, POWER
HOUSE EQUIPMENT, INC., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 5, 1998—Decided January 27, 1998.

Before Judges HAVEY and LANDAU.

*Mary Paula Millerick,* argued the cause for appellant (*Ann Bernice Segal,* attorney; *Ms. Millerick,* on the brief).

*N. Nicholas Hendershot,* argued the cause for respondents John W. Ash and Power House Equipment, Inc. (*Robert E. Edwards,* attorney; *Mr. Hendershot,* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

On leave granted, plaintiff Mark Michell appeals from an order awarding to defendants John Ash (Ash) and Power House Equipment, Inc. (PHE) summary judgment in his action arising out of a motor vehicle accident.

For purposes of the motion, the following facts must be accepted:

On June 8, 1995, plaintiff was operating his vehicle on Route 130 southbound in Pennsauken Township, Camden County, New Jersey. A white Oldsmobile was immediately ahead. The Oldsmobile stopped short to avoid hitting a boxed transformer which had just fallen into the center of the roadway from a pick-up truck driven by Ash and owned by PHE. There was no contact. Plaintiff was able to stop without hitting the Oldsmobile. Immediately thereafter, however, plaintiff's car was struck in the rear by defendant Charles Burroughs' vehicle. There was a second impact when a fourth vehicle operated by defendant David Grambine struck Burroughs' vehicle, driving it again into plaintiff's vehicle.

The judge determined that although Ash and PHE were chargeable with negligence in respect of the dropped transformer, their negligence could not have been a proximate cause of the double impact accident. He reasoned that as the first driver and plaintiff were able safely to bring their cars to a halt in the roadway, a jury could not objectively conclude that the negligence of Ash and PHE was a proximate cause of the double rear end hits by the following cars. Summary judgment was accordingly granted to those defendants.

■ We believe that the question of whether the negligence of Ash and PHE was a substantial contributing factor in causation presented a factual issue which should have precluded summary judgment, and so, reverse and remand.

The two following cars that hit plaintiff's car were concededly negligent under the well established doctrine set forth in *Dolson v. Anastasia*, 55 *N.J.* 2, 258 *A.*2d 706 (1969). That the first two vehicles were able to stop, however, does not rule out a fact-finder's assessment that the box which fell presented a substantial enhancement of the risks of travel for all cars in the southbound lane of Route 130, which foreseeably could cause a pile-up accident. While the two cars which were in the best position to observe the falling object were able to bring their cars to a halt, those cars were also forced to stop in the middle of a heavily travelled road, increasing the risks for those following.

The first two drivers were, on these facts, free of negligence. Nonetheless, had they merely stopped together to talk in the middle of Route 130, could it have been said that such negligence did not constitute a substantial proximate cause of a collision occurring because a following car was negligently unable to come to a halt? We think not. The present case is not different in its essentials.

■ It does not negate the *Dolson* holding to recognize that in the comparative negligence setting mandated by *N.J.S.A.* 2A:15–5.2a(2), a jury which considers the time and locational factors of

this accident might well assign a material causative role to the Ash/PHE negligence as well as to that of the cars which followed plaintiff. Product liability cases such as *Soler v. Castmaster, Div. of H.P.M. Corp.,* 98 *N.J.* 137, 149, 484 *A.*2d 1225 (1984), and negligence cases such as *Blazovic v. Andrich,* 124 *N.J.* 90, 590 *A.*2d 222 (1991) and *Bendar v. Rosen,* 247 *N.J.Super.* 219, 588 *A.*2d 1264 (App.Div.1991) have recognized that an initial instance of fault may foreseeably lead to a sequence of consequences which can include injury from a second negligent or even intentional act. Comparison of the relative fault of an initial negligent party should not be precluded if that fault foreseeably and materially contributes to the happening of the later action. Such a foreseeable contribution to the occurrence *is* proximate causation.

Most recently, in *Campione v. Soden,* 150 *N.J.* 163, 695 *A.*2d 1364 (1997), the Supreme Court considered a case involving a double impact rear end accident, in which the collisions were separated by less than a minute, but with time for the persons in the initially impacted vehicles to exit for inspection of damage. No negligence was assigned to the first car, which was stopped at a traffic light. The Court approved a finding, based upon the trial record, that the second impact would not have occurred were it not for the first accident, and that the first impact was the primary cause of the second collision. This resulted in an allocation of 100% responsibility for the first impact to the person who caused that impact, and a 60% allocation to him of responsibility for the second impact as well. In other words, while the driver of the last car to strike the stopped vehicles was negligent and should have been able to stop in time to avoid the accident (*Dolson, supra* ), a material contribution to causation of the second impact was recognized also to have been made by the then-passive first negligent party. *Campione, supra,* 150 *N.J.* at 188, 695 *A.*2d 1364.

Similarly here, a trier of fact should be permitted to determine whether the negligence that resulted in placing a hazard in the

road materially and foreseeably contributed to the later impacts, and to what extent.

Reversed and remanded for proceedings consistent herewith.